**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GORDON D. SONDLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-2083C** |
| | ) | **(Judge Margaret M. Sweeney)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S TRANSFER COMPLAINT**

For its answer to the plaintiffs' transfer complaint, defendant admits, denies, and alleges as follows:

1.     Admits that plaintiff Gordon D. Sondland is the former United States Ambassador to the European Union.  The remaining allegations in paragraph 1 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2.     Admits that Ambassador Sondland was subpoenaed to testify before the United States Congress in his capacity as a State Department Employee in 2019 and that Government attorneys were not available to advise or represent him.  The remaining allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3.     Admits.

4.     Avers that, in September 2019, the House Foreign Affairs and Intelligence and Oversight Committees requested that Ambassador Sondland testify in the impeachment hearing. Admits the allegation in the second sentence of paragraph 4 that Ambassador Sondland was subpoenaed to testify before the United States Congress in his capacity as a State Department

Employee in 2019 and that he was told that Government attorneys would not be available to advise or represent him; otherwise denies the remaining allegations contained in the second sentence of paragraph 4.   Denies the remaining allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5.      Admits that Ambassador Sondland retained a Washington, D.C. law firm and his personal counsel in preparation for his testimony; otherwise denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.      Denies.

7.      Admits.

8.      Admits the allegation that Ambassador Sondland testified before the House Foreign Affairs and Intelligence and Oversight Committee as alleged in paragraph 7.

9.      Admits that Ambassador Sondland was terminated on February 7, 2020; otherwise denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth, as the allegations are insufficiently specific, appear to be a description of Ambassador Sondland's own perceptions, or are unconnected with the relief for an alleged breach of contract sought, and therefore, are not properly considered part of the complaint, which is to consist only of a "statement of the claim *showing that the pleader is entitled to relief.*"  RCFC 8(a).  Emphasis added.

10.     The allegations contained in paragraph 10 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11.     The allegations contained in paragraph 11 constitute conclusions of law and a characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     The allegations contained in paragraph 12 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied12.

13.     Admits that Ambassador Sondland served as the United States Ambassador to the European Union between July 9, 2018, and February 7, 2020; otherwise denies the allegations in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.     Admits.

15.     Admits that Ambassador Sondland served as United States Ambassador to the European Union for approximately one and a half years and that his confirmation, which the Senate approved on July 8, 2018, was bipartisan and done by a voice vote.; otherwise denies the allegations in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16.     Admits.

17.     Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Admits that the House of Representatives Permanent Select Committee on Intelligence released the unclassified text of a whistleblower complaint on September 26, 2019. Denies the remaining allegations in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19.     Admits.

20.     Admits that Ambassador Sondland was called to testify in his capacity as a United States Ambassador and a State Department employee, and that neither the State department nor the United States Department of Justice would represent him in the impeachment hearing;

otherwise denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.    Admits that private counsel represented Ambassador Sondland in the impeachment hearing; otherwise denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22.    Admits the allegations contained in the first sentence of paragraph 22.  Denies the allegation contained in the second sentence of paragraph 22.  Denies the allegations in the third sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23.    Admits.

24.    Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.    Admits that Ambassador Sondland was instructed not to appear for his previously scheduled testimony and that he canceled his October 8, 2019 appearance; otherwise denies the allegations contained in the first sentence of paragraph 25.  Denies the allegations contained in the second sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.    Admits.

27.    Denies the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the second sentence in paragraph 27 that the United States Department of Justice would not represent Ambassador Sondland in the impeachment hearing; otherwise denies the allegations contained in the second sentence of paragraph 27.  Denies the allegations contained

in the third sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation contained in the fourth sentence of paragraph 27 that Ambassador Sondland appeared in response to the subpoena; otherwise denies the allegations contained in the fourth sentence of paragraph 27.  The allegations contained in the fifth sentence of paragraph 27 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28.     Denies that former Secretary of State Michael Pompeo promised without qualification or limitation that the Department of State would reimburse all of Ambassador Sondland's legal fees incurred in connection with the impeachment inquiry; denies the remaining allegations in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29.     The allegations contained in paragraph 29 and their evident implication that the Government formed and breached a contract to pay Ambassador Sondland's attorney fees constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30.     The allegation concerning the scope and meaning of 28 U.S.C. § 2698 is a conclusion of law to which no response is required, except to admit the quotation of 28 U.S.C. § 2698, to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies that allegation.

31.     The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32.     Admits.

33.     Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     Admits the allegations contained in paragraph 34 to the extent supported by any transcript of the testimony, which is the best evidence of its contents.

35.     Admits.

36.     Admits the allegations contained in paragraph 36 regarding Ambassador Sondland's testimony to the extent supported by the transcript of the testimony, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37.     Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38.     Admits the allegations contained in paragraph 38 regarding Ambassador Sondland's amended opening statement to the extent supported by the amended opening statement, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39.     Denies the allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40.     Admits that Ambassador Sondland publicly testified before the House Intelligence Committee on November 20, 2019' otherwise denies the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41.     Admits the allegations contained in paragraph 41 regarding Ambassador Sondland's testimony to the extent supported by the transcript of the testimony, which is the best evidence of its contents.

42.   Admits the allegations contained in paragraph 42 regarding Ambassador Sondland's testimony to the extent supported by the transcript of the testimony, which is the best evidence of its contents.

43.   Denies the allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44.   Denies the allegations contained in sentences one through seven of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that the State Department reimbursed Ambassador Sondland $86,040 as part of its program to provide certain financial assistance to Department of State employees who incurred legal fees in connection with Ukraine-related congressional testimony; denies the remaining allegations in sentences eight and nine of paragraph 44.

45.   To the extent the allegations contained in paragraph 45 concerning the assurances alleged and evident implication that the Government formed and breached a contract to pay Ambassador Sondland's attorney fees constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46.   Admit that President Trump fired Ambassador Sondland on February 7, 2020; otherwise denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47.   The allegations contained in paragraph 47 and their evident implication that the Government formed and breached a contract to pay Ambassador Sondland's attorney fees constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48.     Admits that the State Department paid Ambassador Sondland $86,040; the remaining allegations constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Avers Ambassador Sondland was paid that amount as part of its program to provide certain financial assistance to Department of State employees who incurred legal fees in connection with Ukraine-related congressional testimony; otherwise denies the remaining allegations in paragraph 48.

49.     Admits the allegation contained in paragraph 49 that Ambassador Sondland used experienced counsel to assist him with the testimony at issue; the remaining allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50.     The allegations contained in paragraph 50 and their evident implication that the Government formed and breached a contract to pay Ambassador Sondland the attorney fees the approximately $1.8 million he seeks constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Denies the remaining allegations contained in paragraph 50, except to admit that it was not resolved to Ambassador Sondland's satisfaction.

51.     Denies the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52.     The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53.     Defendant incorporates its responses, admissions, and denials to paragraphs 1–52 above herein.

54.     The allegation contained in paragraph 54 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

55.     The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56.     The allegation contained in paragraph 56 concerning Secretarial authority constitute a conclusion of law to which no answer is required; to the extent it may be deemed an allegations of fact, it is denied; denies the remaining allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57.     To the extent the allegation implies a contract was formed and breached, and that the amount cited is due as damages, that allegation is a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.  Denies the remaining allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58.     Denies the allegation contained in paragraph that such a promise was made; admits that the Government has not paid Ambassador Sondland the approximately $1.8 million in legal Ambassador Sondland seeks.  Avers that the State Department reimbursed Ambassador Sondland $86,040 as part of its program to provide certain financial assistance to Department of State employees who incurred legal fees in connection with Ukraine-related congressional testimony.

59.     The allegations contained in paragraph 59 are conclusions of law and a characterization of Ambassador Sondland's case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     Denies each and every allegation not previously admitted or otherwise qualified.

Denies that plaintiff is entitled to the relief requested in the wherefore clause immediately following paragraph 59, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

ISAAC D. WEBB
Attorney-Adviser, L/M
Office of the Legal Adviser
U.S. Department of State

s/William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0471
william.j.grimaldi@usdoj.gov

March 8, 2022

Attorneys for Defendant