IN THE UNITED STATES COURT OF FEDERAL CLAIMS

GORDON D. SONDLAND,       )
                           )
                           )
      Plaintiff,            )
                           )    No. 21-2083C
          v.          )    (Judge Sweeney)
                           )
UNITED STATES,           )
                           )
      Defendant        )

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to, and in accordance with, the provisions of Appendix A, ¶¶ 4 and 5, to the Rules of the Court of Federal Claims (RCFC), plaintiff, Gordon D. Sondland, and defendant, the United States, respectfully submit this Joint Preliminary Status Report.

**I.**     **PARTIES' RESPONSES TO ISSUES IDENTIFIED IN APPENDIX A, ¶4:**

**(a)**    **Does the Court have jurisdiction over this action?**   The parties agree that the Court has jurisdiction to entertain plaintiffs' claims pursuant to 28 U.S.C. § 1491.

**(b)**    **Should the case be consolidated with any other case, and if so, why?** This case should not be consolidated with any other.

**(c)**    **Should trial of liability and damages be bifurcated, and if so, why?** Trial should not be bifurcated.

**(d)**    **Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal, and, if so, why?**   Further proceedings in this case should not be deferred pending consideration of another case.

**(e)**    **Will a remand or suspension be sought and, if so, why and for how long?** The

parties will not seek a remand or suspension.

**(f)     Will additional parties be joined?** At this time, neither party expects to seek to join additional parties.

**(g)     Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, what is the schedule for the intended filing?**   Defendant expects to file a motion for summary judgment pursuant to RCFC 56 after discovery is complete. The Plaintiff does not presently intend to file a motion pursuant to RCFC 12(b), 12(c) or 56.

**(h)     What are the relevant legal and factual issues?**

Plaintiff states that the relevant legal and factual issues include the following:

- Whether the parties entered into a contractual indemnity obligation as set forth in the Amended Complaint;

▪ Whether, if the contract formed between plaintiff and the United States was breached by the Defendant;

▪ Whether the plaintiff has proved that the damages claimed arising from the breach of the agreement by the Defendant.

Defendant states that the relevant legal and factual issues include the following:

▪ Whether any contract was formed between plaintiff and the United States concerning the subject matter alleged in the complaint, including:

  ▫ Whether there was mutual intent to contract;

  ▫ Whether there was an unambiguous offer, or any offer at all;

  ▫ Whether there was an unambiguous acceptance, or any acceptance at all; and

2

          ▫      Whether there was any consideration supporting a contract.

- Whether, if any contract was formed between plaintiff and the United States, the terms were as alleged in the Complaint.

- Whether, if a contract was formed between plaintiff and the United States, any duties or obligations were created.

- Whether, if a contract was formed between plaintiff and the United States, it was breached.

- Whether, if a contract was formed between plaintiff and the United States and it was breached, any quantum of damages is appropriate.

**(i)     What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The Plaintiff has attempted without success to affect an amicable resolution of his claim. Plaintiff is open to immediately considering settlement discussions or alternative dispute resolution to avoid the expense of litigation. Because of the intransigence of the Defendant the likelihood of a settlement presently remains low resulting in continued unnecessary expense to taxpayers and additional cost and expense to the Plaintiff.

Defendant does not believe settlement is likely, or that settlement discussions or alternative dispute resolution would be productive, at this time.   Defendant is open to considering settlement discussions or alternative dispute resolution after discovery is complete, or substantially complete.

**(j)     Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling, and if so, why?**

Plaintiff does not request expedited trial. Plaintiff requests that the place of trial be Washington, D.C.

Defendant anticipates proceeding to trial if the case is not resolved through summary judgment.   Defendant does not request expedited trial, nor does Defendant believe expedited trial is appropriate because discovery will take longer than 90 days and because defendant expects to file a dispositive motion.   Defendant requests that the place of trial be Washington, D.C.

**(k)     Are there special issues regarding electronic case management needs?**

The parties are not aware of any special issues regarding electronic case management needs.

**(l)     Is there other information of which the Court should be aware at this time?**

The parties are aware of no such information.

## II.   <u>PROPOSED DISCOVERY PLAN</u>

Plaintiff asserts that the issues in this action are not at all complex and proposes the following schedule for discovery in this case:

**Initial disclosures:** Each party shall deliver to the other their initial disclosures, including calculation of claimed damages, pursuant to RCFC 26(a)(1)(A)(i), (ii) and (iii), not later than **June 10, 2022.**

**Document production:** Requests for production of documents may be **September 14, 2022**.   Written responses to requests for production of documents shall be due 30 calendar days after service.   The parties will make actual production of documents in response to each request

as soon as is reasonably achievable.   The parties anticipate rolling production of documents and will act in good faith to complete document production by September 14, 2022.

**Fact witness depositions:** The period for fact witness depositions shall be **June 13, 2022** through **December 17, 2022.**

**Interrogatories and requests for admission:** Interrogatories and requests for admission may be served at any time between **June 13, 2022** and **December 17, 2022**.

**Close of fact discovery: December 17, 2022.**

**Dispositive motions:** Dispositive motions shall be filed by **January 21, 2023.** Responses shall be due **February 26, 2023**; replies shall be due **March 2, 2023**.

Defendant proposes the following schedule for discovery in this case:

**Initial disclosures:** Defendant and plaintiff each shall deliver to the other their initial disclosures, including calculation of claimed damages, pursuant to RCFC 26(a)(1)(A)(i), (ii) and (iii), not later than **June 10, 2022.**

**Document production:** Requests for production of documents may be served beginning **June 13, 2022,** and document production will conclude not later than **October 14, 2022**. Written responses to requests for production of documents shall be due 30 calendar days after service.   The parties will make actual production of documents in response to each request as soon as is reasonably achievable.   The parties anticipate rolling production of documents and will act in good faith to complete document production by October 14, 2022.

**Fact witness depositions:** The period for fact witness depositions shall be **October 17, 2022** through **March 17, 2023.**

5

**Interrogatories and requests for admission:** Interrogatories and requests for admission may be served at any time between **July 13, 2022** and **February 13, 2023**.

**Close of fact discovery: March 17, 2023.**

**Dispositive motions:** Dispositive motions shall be filed by **April 21, 2023.**     Responses shall be due **May 26, 2023**; replies shall be due **June 9, 2023**.

The parties anticipate seeking a Fed. R. Evid. 502(d) court order incorporating a non-waiver agreement.   The parties also expect to ask the Court to enter a protective order for sensitive information of various kinds.

<div style="margin-left: 40%;">

Respectfully submitted,

</div>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director
Cameron Cohick
CAMERON COHICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division, Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1438

s/Mark A. Barondess
MARK A. BARONDESS
MILLER BARONDESS LLP
1999 Avenue of the Stars
Suite 1000
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Email: mbarondess@millerbarondess.com

Attorneys for Gordon D. Sondland

Facsimile: (202) 514-8624
E-mail: cameron.cohick@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

ISAAC D. WEBB
Attorney-Advisor, L/M
Office of the Legal Adviser
U.S. Department of State

Dated: April 26, 2022