# In the United States Court of Federal Claims

No. 21-2083C
(Filed: September 2, 2022)

```
*****************************************
GORDON D. SONDLAND,                      *
                                         *
                    Plaintiff,           *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
*****************************************
```

## PROTECTIVE ORDER

Given that the parties expect to exchange discovery, including of a private or otherwise confidential nature, to promote an efficient exchange of such information, and to promote the "just, speedy, and inexpensive determination" of this action (*see* Rules of the United States Court of Federal Claims ("RCFC") 1), the Court finds there is good cause to issue this order pursuant to RCFC 26(c) and Federal Rule of Evidence 502(d). Accordingly, IT IS HEREBY ORDERED as follows.

This Order applies to discovery, pre-trial, trial and post-trial proceedings in this action, and shall remain in effect until rescinded.

Nothing in this Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Order does not prohibit the parties from complying with such other obligations. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Order, prevent or limit in any way the use of the documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

Neither the termination of this action nor the termination of employment of any person gaining access to the materials covered by this Order shall relieve such person of their obligations under this Order.

Neither this Order nor a party's compliance with it shall prejudice in any way any party's ability to challenge a party's assertion that a document is privileged or is properly designated as Confidential Information or is admissible in evidence at trial.

1

Any person subject to this Order may at any time seek modification or an exception to this Order by agreement with the Producing Party, as defined below, or, failing agreement, by motion to the Court.

## I. ORDER IMPLEMENTING FEDERAL RULE OF EVIDENCE 502(D)

Pursuant to the agreement of the parties, the authority granted this Court under Fed. R. Evid. 502(d), and its inherent authority to control its proceedings, it is hereby ordered that a party's disclosure, in connection with this litigation, of any communication or information covered by the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges such as the deliberative process privilege, or any other applicable privilege, shall not constitute a waiver of such privilege or protection either in this litigation or in any other federal or state proceeding.

The parties intend that this order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). More specifically, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

## II. CLAWBACK OF MATERIAL CLAIMED AS PRIVILEGED

If a party determines that it has produced information that it asserts is protected by the attorney-client privilege, the work-product doctrine, or other privileges, the Producing Party shall give notice of that fact to the Receiving Party. Upon receiving such a request and without thereby waiving its right to object to the assertion of privilege, the Receiving Party shall: (1) treat the information as protected until agreed upon otherwise by the parties or determined by the Court to be not protected, and (2) immediately return the information to the producing party or, with the consent of the producing party, destroy it, and then notify the producing party when that destruction has been accomplished. If a party objects to a claim of privilege, the objecting party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court.

## III. PRIVACY ACT INFORMATION

The Privacy Act generally prohibits defendant from disclosing certain information covered by that Act to parties to whom the information does not "pertain[]," without obtaining consent of the individuals to whom the information pertains and without providing notice to such individuals. 5 U.S.C. § 552a(b); *see also id.* § 552a(d)(1). This prohibition does not apply when disclosure is authorized "pursuant to the order of a court of competent jurisdiction[.]" *Id.* § 552a(b)(11). Here, in the event that plaintiff requests that defendant disclose information and documents of the parties or third parties, which may contain information including, but not limited to, personally identifiable information, overtime records, time and attendance records, other payroll records, and staff memoranda and email, such disclosure may require disclosures covered by the Privacy Act. To facilitate the exchange of such information and to promote the

"just, speedy, and inexpensive determination" of this action, *see* RCFC 1, the Court orders and authorizes defendant to disclose Privacy Act material required or allowed by the Rules of this Court without first obtaining permission from the parties to whom the information pertains. Such disclosures shall be deemed authorized by law, *see* 5 U.S.C. § 552a(b)(11), and are subject to the restrictions set forth in Sections IV-VI of this order, which will help to ensure that disclosed information, otherwise protected by the Privacy Act, is used appropriately during the course of this litigation by limiting its disclosure to certain authorized individuals and providing procedures to be followed with respect to the information.

IV. **CONFIDENTIAL/PROTECTED INFORMATION**

    A. <u>**Purpose and Scope.**</u>

        1. This section of this Order establishes rules and procedures for exchanging and identifying materials as Confidential Information for the purpose of affording them a level of confidentiality that might otherwise inhibit their exchange. "Confidential Information" means information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because: (a) it is personal, financial, medical or other private information relating to an individual that may be subject to the Privacy Act, other laws limiting the disclosure of personal information, or would properly be redacted from any public court filing pursuant to RCFC 5.2; (b) of a good faith belief that the information is sensitive business or operational information; or (c) need to be safeguarded in the interest of national security to include controlled unclassified information and classified information.

        2. Except as otherwise provided in this order, Confidential Information shall be used solely for the purposes of this litigation, including any subsequent appeals, and shall not be disclosed to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals. Except as the parties may agree, Confidential Information may be presented to the Court only under seal.

        3. This Section does not add any condition to nor limit in any way the protections afforded by Section I ("Order Implementing Fed. R. Evid. 502(d)") or Section II ("Clawback") of this Order.

    B. <u>**Limitations on Scope.**</u>

        1. Except to the extent the Privacy Act might provide otherwise, the protections conferred by this Order on Confidential Information do not cover any information (i) properly in the public domain; (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record in this action through trial or otherwise; (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; or (iv) that would be disclosable under the Freedom of Information Act.

        2. Nothing in this Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a

disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Order.

3. Nothing contained in this Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Order, prevent or limit in any way the use of such documents or information in any proceeding regarding any potential violation of law or regulation, except as authorized by law.

**C.     Definitions.**

1. "Disclose" (or forms thereof) means to distribute, provide, or otherwise make available for access, viewing, or copying. Restrictions on disclosure apply to a covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Order

2. "Dispose" means to take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes or similar storage systems need not be immediately deleted or destroyed; instead, such materials may be overwritten or otherwise destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to the persons necessary to conduct routine information systems and cybersecurity functions.

3. "Challenging Party" means any party who challenges the designation of information as Confidential Information under this Order

4. "Day" means calendar day unless otherwise specified.

5. "Designating Party" means the party or other person producing in discovery in this action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Order.

6. "Document" means all items listed in RCFC 34(a)(1)(A) & (B).

7. "Producing Party" means the person or party producing in discovery in the Action.

8. "Receiving Party" means any party who receives information that has been designated as Confidential Information.

### D. Individuals Permitted Access To Confidential Information.

1. Except as otherwise provided in this Order, a Receiving Party may disclose Confidential Information only to the individuals identified in this section and only for the purpose of this litigation. Any person receiving Confidential Information is subject to this Order.

2. **Counsel and Staff.** The parties' counsel may access Confidential Information without further action. Those employed by counsel, their offices, or their firms may be given access to Confidential Information by such counsel, but only after they have been informed by counsel of the obligations imposed by this Order.

3. **Non-employed Support Personnel.** Other support personnel not covered by paragraph 2, including paralegals, clerical, consultants, court reporters, copying services, and administrative support personnel assisting counsel may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

4. **Others Assisting Counsel.** Independent consultants and experts assisting counsel in connection with this litigation, and witnesses to whom, for the purposes of this litigation, plaintiffs' counsel deems disclosure to be advisable may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

5. **Others Requiring Access.** If a party's counsel wishes to disclose Confidential Information to any person other than those indicated in this section, plaintiffs' counsel must obtain the Producing Party's consent in writing, and then that person may access Confidential Information, but only after they are informed of and agree to abide by the terms of this Order and acknowledge their agreement by signing and submitting to counsel Attachment A.

6. **The Court, Department of Justice, and Agency Personnel.** Personnel of the Court, the Department of Justice, and the Department of State are entitled to access to Confidential Information without further action.

## V. PRODUCTION AND FILING OF PROTECTED INFORMATION

### A. Production of Confidential Information.

1. Prior to producing a document, a producing party may identify Confidential Information by affixing on each page of a printed document or on the disc or cover of any removable electronic media a Confidential Information Legend, i.e., the following or substantially similar language: **PROTECTED/CONFIDENTIAL MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDER.**

2. For any other medium, the Confidential Information Legend must be placed by any method that conspicuously identifies the fact that it is or contains Confidential Information.

3. For responses to written discovery requests, place the Confidential Information Legend within each response.

4. For depositions, a party may identify Confidential Information verbally on the record. Within 30 days of notice of availability of the official deposition transcript, the party making an assertion of Confidential Information will inform the other party of the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.

5. Any exchange of controlled unclassified information or classified information will conform with the requirements of the proper classifying agency in accordance with existing laws and regulations. If there is an inadvertent disclosure of classified information, defendant's counsel will advise plaintiff's counsel about what steps shall be taken to protect such information, and if possible to do so in a manner consistent with the need to protect national security information, produce to plaintiff redacted versions of the pertinent documents or transcripts.

6. **Correcting Failure to Mark.** If a Producing Party fails to designate information it wants to have treated as Confidential Information, it shall promptly provide written notice to the Receiving Party. The document or information will then be subject to the provisions of this Order, provided that within ten days of such notice to the other party, the Producing Party provides a new version of the information. Within 15 days of receipt of the new version, the Receiving Party shall dispose of the original information.

B. **Filing Confidential Information.**

1. Submissions to the Court containing Confidential Information must be in two versions, a confidential version under seal and a redacted, public version. The title page and each page containing Confidential Information, including those filed electronically, shall be clearly marked with the Confidential Information legend.

2. **Redaction of Public Documents.** The redacted, public version shall be filed electronically within seven calendar days of the filing of the confidential version under the Court's electronic case filing system.

VI. HANDLING PROTECTED INFORMATION

A. **Safeguarding Confidential Information.**

1. Any individual admitted under this Order must take all necessary precautions to prevent disclosure of Confidential Information, including but not limited to physically securing, safeguarding, and restricting access to the Confidential Information.

### B. **Confidential Information After Litigation Concludes.**

1. **Disposal Of Confidential Information.** Except as provided below, within 90 days after this litigation has terminated and any settlement or judgment has been fully satisfied, including any time for appeal, any party receiving Confidential Information shall dispose of the Confidential Information. The Department of Justice and the Department of State may each maintain the number of copies of protected material received from any producing party that is required by law, regulation, or policy.

2. **Retention of Confidential Information.** For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Order.

3. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information.

4. In addition to retention rights described above, counsel for the United States may maintain copies of any documents designated Confidential Information as required by law.

## VII. RELIEF FROM AND BREACH OF THIS ORDER

### A. **Objecting to the Designation of and De-designating Confidential Material.**

1. A Producing Party may de-designate information as Confidential Information at any time by notifying the Receiving Party and furnishing a copy of the information without the Confidential Information legend.

2. A Receiving Party may at any time object to the designation of information as Confidential Material. To do so, the Challenging Party shall: (1) notify the producing party, in writing, of the disagreement, explaining the basis for the challenge; and (2) confer with the Producing Party to attempt to resolve the matter. If no accord is reached, the Challenging Party may, on notice to the Producing Party, file a motion requesting that the Court order that the information be deemed not Confidential Information, setting forth the basis for the challenge. The Producing Party will then have the burden to establish that the designation is proper by a preponderance of the evidence or as a matter of law. To satisfy this burden, the Producing Party shall be required to prove that the information is actually confidential, not only that the Producing Party had a good faith belief that it was confidential. Until the Court resolves the matter, the disputed information must be treated as Confidential Material.

B.     **Breach of this Order.**

1.   If a party discovers any breach of any provision of this Order, the party must promptly report the breach to the other party and immediately take appropriate action to cure the violation and retrieve any Confidential Information that may have been disclosed to individuals not admitted under this Order.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Senior Judge

# In the United States Court of Federal Claims

No. 21-2083C

```
*****************************************
GORDON D. SONDLAND,              *
                                 *
            Plaintiff,           *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
*****************************************
```

## EXHIBIT A


I, _____ declare:

I have received a copy of the Order in this litigation. I have examined and understand the provisions of the Order.

I will comply with all of the provisions of this Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this litigation, any Confidential Information (as defined in this Order) that I receive in this action.


Executed this _____ day of _____ at _____

_____

I declare under penalty of perjury that the foregoing is true and correct.


_____
[Name]