IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GORDON D. SONDLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-2083C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Pursuant to Rule 16 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court amend the trial schedule in this matter, due to the unavailability of a material witness for the defendant, namely former Secretary of State Michael R. Pompeo, and to permit the parties to undertake pretrial activities consistent with the requirements of Appendix A of the Court's rules, which defendant expects will lead to a more efficient trial presentation. On January 2, 2025, plaintiff's counsel, Mark A. Barondess, indicated that plaintiff will oppose this motion.

FACTUAL BACKGROUND

Plaintiff in this matter is Gordon D. Sondland, the former United States Ambassador to the European Union. Compl. ¶ 1, ECF No. 25. The central issue in this case is whether Secretary Pompeo entered into a contract on behalf of the United States, thus obligating the Government to reimburse all legal fees allegedly incurred by the ambassador in connection with congressional testimony that he provided during impeachment proceedings involving President Donald J. Trump. *See* Compl. ¶ 8. Ambassador Sondland alleges that "[h]e used outside counsel in reliance on [a] promise and representation from Pompeo that the Government would reimburse him in full for all attorneys' fees and costs – a promise that the Government has since breached." Compl. ¶ 49.

Based upon discovery conducted in this matter, including plaintiff's deposition of Secretary Pompeo, the United States expects Ambassador Sondland to assert at trial that Secretary Pompeo communicated this alleged promise during a phone conversation in October 2019. Secretary Pompeo is therefore a material witness for the Government's defense in this matter, because he is expected to provide trial testimony regarding the conversation that Ambassador Sondland apparently contends created an oral contract between him and the United States.

On December 16, 2024, the Court held a status conference in this matter, during which the Court announced that it would set a trial schedule. In an order issued the same day, the Court directed the parties to submit pre-trial memoranda, exhibit lists, and witness lists on or before February 3, 2025. Order, ECF NO. 63. The Court set the pretrial conference for February 4, 2025, and ordered trial to take place from February 10 through 12, 2025. *See id.*

Secretary Pompeo is no longer in Government service, and he is represented for purposes of this matter by private counsel, William A. Burck. Immediately after the December 16th status conference, counsel for the United States contacted Mr. Burck to determine Secretary Pompeo's availability for trial on the dates ordered by the Court. Mr. Burck has informed Government counsel that Secretary Pompeo plans to be in Asia during the scheduled trial, and he has identified the following upcoming dates of availability: January 30, February 24, February 25, February 28, March 3, and March 10.

ARGUMENT

Secretary Pompeo is a material third-party witness for the United States who is unavailable to provide testimony on the dates scheduled by the Court, despite our efforts immediately after the status conference to ensure his availability. The trial should be rescheduled to take place over a three-day period during which Secretary Pompeo is available to

testify, such that the Court may hear all witnesses' testimony together. The alternative of conducting the trial in pieces—*i.e.*, some portion as scheduled and the remainder at a later point when Secretary Pompeo is available—is inadvisable here, because one central task for the Court in this case will be to reconcile competing witness testimony regarding the content of the telephone conversation at issue, to determine whether the parties created an oral contract, as alleged by Ambassador Sondland. The Government should be permitted to offer Secretary Pompeo's testimony near in time to that of plaintiff's witnesses, in order for the Court to best evaluate the competing testimony. To accomplish this purpose, defendant proposes conducting trial at the first juncture of Secretary Pompeo's availability after the currently-set trial date, namely February 24th through 26th.

If this schedule is accepted by the Court, Secretary Pompeo would not be available for the final scheduled day of trial, namely February 26, 2025. However, the United States expects that trial will progress in such a manner that the Secretary's testimony will be needed no later than February 25. The Government therefore would plan for the Secretary's testimony during the afternoon of February 25. To the extent the trial proceeds more slowly than expected, we would seek leave to nonetheless present the Secretary's testimony during the afternoon of February 25. We expect that two hours of trial time will be sufficient for the Secretary's testimony, including examination, cross-examination, and redirect.

There is additionally good cause to move the trial to a later date in February because that will provide time for the parties to confer in advance of trial, in order to narrow the issues to be tried and to accomplish pretrial tasks generally required by Appendix A of this Court's rules. Specifically, the Court should order the parties to (1) undertake consultations consistent with paragraph 13 of Appendix A; (2) comply with paragraphs 14-16 with respect to pretrial

3

memoranda, witness lists, and exhibit lists, respectively; and (3) file any pretrial motions in limine simultaneously with pretrial memoranda. Such requirements will lead to a more orderly and efficient trial presentation, thus easing this Court's consideration of the facts and arguments to be presented by the parties.

Based upon the above considerations, the United States respectfully proposes the following amended schedule:

- On or before January 25, 2024, plaintiff and defendant shall meet to accomplish the tasks required by RCFC Appendix A, paragraph 13, including but not limited to the exchange of exhibit lists and copies of exhibits as specified in paragraph 13(a) of Appendix A; and the exchange of witness lists, as specified in paragraph 13(b).

- On or before February 9, 2025, plaintiff and defendant shall file their respective pre-trial memoranda containing the content required by Appendix A, paragraphs 14(a)-(b), witness lists pursuant to paragraph 15, and exhibit lists pursuant to paragraph 16, as well as any pretrial motions in limine.

- On February 14, 2025, at 3:00 PM EST, the Court will hold a telephonic pretrial conference.

- The Court will hold in-person trial on weekdays from Monday, February 24, 2025, through Wednesday, February 26, 2025, starting at 10:00 AM EST each day.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant this motion to amend the trial schedule in accordance with the proposed schedule set forth above.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General


PATRICIA M. McCARTHY
Director

4

|  |  |
|---|---|
|  | /s/Steven J. Gillingham<br>STEVEN J. GILLINGHAM<br>Assistant Director |
|  | /s/William J. Grimaldi<br>WILLIAM J. GRIMALDI<br>Assistant Director<br>GEOFFREY M. LONG<br>Senior Trial Counsel<br>JOSHUA W. MOORE<br>KELLY GEDDES<br>Trial Attorneys<br>Commercial Litigation Branch |
| OF COUNSEL:<br><br>MICHAEL ZUBROW<br>Attorney-Adviser, L/M<br>Office of the Legal Adviser<br>U.S. Department of State | Civil Division, Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0471<br>E-mail: william.j.grimaldi@usdoj.gov |
| January 2, 2025 | Attorneys for Defendant |